IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 8:21-490 |
| | ) | |
| vs. | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 922(g)(1) |
| **DILLINGER MATSON BOLDEN,** | ) | 18 U.S.C. § 922(k) |
| a/k/a "Nuke" | ) | 18 U.S.C. § 924(a)(1)(B) |
| **ROOSEVELT LAVAR COUSAR** | ) | 18 U.S.C. § 924(a)(2) |
| **TERRANCE ANTONIO MARTIN,** | ) | 18 U.S.C. § 924(c)(1)(A) |
| a/k/a "Buck" | ) | 18 U.S.C. § 924(d)(1) |
| **KADARRIUS AHMAD BROWNLEE,** | ) | 18 U.S.C. § 924(e) |
| a/k/a "Quan" | ) | 21 U.S.C. § 802 |
| **DAIQUON JERMAINE SMITH** | ) | 21 U.S.C. § 802(57) |
| **DESMOND LAQUAN MULLER** | ) | 21 U.S.C. § 841 |
| | ) | 21 U.S.C. § 841(a)(1) |
| **DARIUS TYVONE SADLER** | ) | 21 U.S.C. § 841(b)(1)(A) |
| **CHRISTOPHER REESE BELL** | ) | 21 U.S.C. § 841(b)(1)(B) |
| **RENARDO LAKEITH REED** | ) | 21 U.S.C. § 841(b)(1)(C) |
| **MONTEZ OBRIEN HATTEN** | ) | 21 U.S.C. § 841(b)(1)(D) |
| **ELYSIA NICOLE SCOTT** | ) | 21 U.S.C. § 843(b) |
| | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 851 |
| | ) | 21 U.S.C. § 853 |
| | ) | 21 U.S.C. § 856(a)(1) |
| | ) | 21 U.S.C. § 881 |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| | ) | **SEALED INDICTMENT** |
| | ) | |

**COUNT 1**
(Drug Trafficking Conspiracy)

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around

September 2020, and continuing thereafter, up to and including the date of this Indictment, in the

District of South Carolina and elsewhere, the Defendants, **DILLINGER MATSON BOLDEN,**

**a/k/a "Nuke," ROOSEVELT LAVAR COUSAR, TERRANCE ANTONIO MARTIN, a/k/a**

**"Buck," KADARRIUS AHMAD BROWNLEE, a/k/a "Quan," DAIQUON JERMAINE**

1

**SMITH, DESMOND LAQUAN MULLER,**            **DARIUS TYVONE SADLER, CHRISTOPHER REESE BELL, RENARDO LAKEITH REED, MONTEZ OBRIEN HATTEN,** and **ELYSIA NICOLE SCOTT**, knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, and methamphetamine, cocaine, and cocaine base (commonly known as "crack" cocaine), all Schedule II controlled substances:

    a. With respect to **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

    b. With respect to **ROOSEVELT LAVAR COUSAR**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

2

c. With respect to **TERRANCE ANTONIO MARTIN, a/k/a "Buck,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of cocaine and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D);

d. With respect to **KADARRIUS AHMAD BROWNLEE, a/k/a "Quan,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of cocaine and a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly known as "crack" cocaine), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

e. With respect to **DAIQUON JERMAINE SMITH**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

f. With respect to **DESMOND LAQUAN MULLER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

3

g.  With respect to ████████████████ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

h.  With respect to **DARIUS TYVONE SADLER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D);

i.  With respect to **CHRISTOPHER REESE BELL**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

4

j.  With respect to **RENARDO LAKEITH REED**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly known as "crack" cocaine), and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C);

k.  With respect to **MONTEZ OBRIEN HATTEN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C); and

l.  With respect to **ELYSIA NICOLE SCOTT**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

5

## COUNT 2
(Felon in Possession of Firearms and Ammunition)

THE GRAND JURY FURTHER CHARGES:

That on or about October 1, 2020, in the District of South Carolina, the Defendant, **TERRANCE ANTONIO MARTIN, a/k/a "Buck,"** knowingly possessed firearms and ammunition in and affecting commerce, to wit, a Springfield Armory, model Hellcat, 9mm pistol, a North American Arms .22 magnum revolver, 9mm ammunition, .22 ammunition, .40 caliber ammunition, and .308 caliber ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 3
(Possession with Intent to Distribute Cocaine Base)

THE GRAND JURY FURTHER CHARGES:

That on or about October 1, 2020, in the District of South Carolina, the Defendant, **KADARRIUS AHMAD BROWNLEE, a/k/a "Quan,"** knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

6

## COUNT 4
(Felon in Possession of Ammunition)

THE GRAND JURY FURTHER CHARGES:

That on or about October 1, 2020, in the District of South Carolina, the Defendant, **KADARRIUS AHMAD BROWNLEE, a/k/a "Quan,"** knowingly possessed ammunition in and affecting commerce, to wit, .308 caliber ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 5
(Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES:

That from on or about January 23, 2021, to on or about February 23, 2021, in the District of South Carolina, the Defendant, **TERRANCE ANTONIO MARTIN, a/k/a "Buck,"** knowingly possessed a firearm in and affecting commerce, to wit, a Glock 19, 9mm pistol, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 6
(Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES:

That from on or about January 23, 2021, to on or about February 23, 2021, in the District of South Carolina, the Defendant, **KADARRIUS AHMAD BROWNLEE, a/k/a "Quan,"** knowingly possessed a firearm in and affecting commerce, to wit, a Glock, model 17, 9mm pistol, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 7
(Possession with Intent to Distribute Cocaine and Marijuana)

THE GRAND JURY FURTHER CHARGES:

That on or about March 4, 2021, in the District of South Carolina, the Defendant, **DARIUS TYVONE SADLER**, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance and a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D).

**COUNT 8**
(Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES:

That on or about March 4, 2021, in the District of South Carolina, the Defendant, **DARIUS TYVONE SADLER**, knowingly possessed a firearm in and affecting commerce, to wit, a Springfield, model XDS, .45 caliber pistol, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

**COUNT 9**
(Distribution of Methamphetamine)

THE GRAND JURY FURTHER CHARGES:

That on or about March 9, 2021, in the District of South Carolina, the Defendant, **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

9

## COUNT 10
(Distribution of Cocaine)

THE GRAND JURY FURTHER CHARGES:

That on or about March 17, 2021, in the District of South Carolina, the Defendant, **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 11
(Distribution of Cocaine)

THE GRAND JURY FURTHER CHARGES:

That on or about March 24, 2021, in the District of South Carolina, the Defendant, **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 12
(Distribution of Cocaine Base and Methamphetamine)

THE GRAND JURY FURTHER CHARGES:

That on or about March 25, 2021, in the District of South Carolina, the Defendant, **RENARDO LAKEITH REED**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly known as "crack" cocaine) and a quantity of a mixture or substance containing a detectable amount of methamphetamine, both Schedule II controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

10

## COUNT 13
(Distribution of Cocaine)

THE GRAND JURY FURTHER CHARGES:

That on or about April 29, 2021, in the District of South Carolina, the Defendant, **ROOSEVELT LAVAR COUSAR**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 14
(Possession with Intent to Distribute Cocaine)

THE GRAND JURY FURTHER CHARGES:

That on or about May 6, 2021, in the District of South Carolina, the Defendants, **DILLINGER MATSON BOLDEN, a/k/a "Nuke"** and **DAIQUON JERMAINE SMITH**, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

11

## COUNT 15
(Felon in Possession of a Firearm)

THE GRAND JURY FURTHER CHARGES:

That on or about May 6, 2021, in the District of South Carolina, the Defendant, **DAIQUON JERMAINE SMITH**, knowingly possessed a firearm in and affecting commerce, to wit, a Glock, model 19, 9mm pistol, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 16
(Possession of a Firearm in Furtherance of Drug Trafficking)

THE GRAND JURY FURTHER CHARGES:

That on or about May 6, 2021, in the District of South Carolina, the Defendant, **DAIQUON JERMAINE SMITH**, knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, drug trafficking crimes, as alleged in Counts 1 and 14, which are prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 17
(Possession with Intent to Distribute Cocaine)

THE GRAND JURY FURTHER CHARGES:

That on or about May 27, 2021, in the District of South Carolina, the Defendants, **ROOSEVELT LAVAR COUSAR** and **DESMOND LAQUAN MULLER**, knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 18
(Possession of a Firearm in Furtherance of Drug Trafficking)

THE GRAND JURY FURTHER CHARGES:

That on or about May 27, 2021, in the District of South Carolina, the Defendant, **DESMOND LAQUAN MULLER**, knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, drug trafficking crimes, as alleged in Counts 1 and 17, which are prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

13

## COUNT 19
(Possession with Intent to Distribute Cocaine)

THE GRAND JURY FURTHER CHARGES:

That on or about June 15, 2021, in the District of South Carolina, the Defendants, **ROOSEVELT LAVAR COUSAR** and                                        knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 20
(Felon in Possession of a Firearm and Ammunition)

THE GRAND JURY FURTHER CHARGES:

That on or about June 15, 2021, in the District of South Carolina, the Defendant,                                        knowingly possessed a firearm and ammunition in and affecting commerce, to wit, a Taurus .357 caliber revolver and .357 ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

14

## COUNT 21
(Possession of Firearms in Furtherance of Drug Trafficking)

THE GRAND JURY FURTHER CHARGES:

That on or about June 15, 2021, in the District of South Carolina, the Defendant,

knowingly used and carried a firearm during and in relation to, and

possessed a firearm in furtherance of, drug trafficking crimes, as alleged in Counts 1 and 19, which

are prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 22
(Possession of a Firearm with an Obliterated Serial Number)

THE GRAND JURY FURTHER CHARGES:

That on or about June 15, 2021, in the District of South Carolina, the Defendant,

knowingly received and possessed a firearm, to wit, a Taurus .357

caliber revolver, which had the importer and manufacturer's serial number removed, obliterated

and altered and had at some time been shipped and transported in interstate and foreign commerce;

All in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

15

**COUNTS 23-31**
(Unlawful Use of a Communication Facility)

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina and elsewhere, the Defendants, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, knowingly and intentionally did use the telephone to facilitate the commission of a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and possession with intent to distribute cocaine and methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and maintaining a stash house in violation of Title 21, United States Code, Section 856(a)(1):

| COUNT | DATE | DEFENDANT(S) |
|-------|------|--------------|
| 23 | April 18, 2021 | **DILLINGER MATSON BOLDEN,** a/k/a "Nuke" and **CHRISTOPHER REESE BELL** |
| 24 | April 20, 2021 | **DILLINGER MATSON BOLDEN,** a/k/a "Nuke" and **RENARDO LAKEITH REED** |
| 25 | April 24, 2021 | **DILLINGER MATSON BOLDEN,** a/k/a "Nuke" and **MONTEZ OBRIEN HATTEN** |
| 26 | May 4-5, 2021 | **DILLINGER MATSON BOLDEN,** a/k/a "Nuke" and **CHRISTOPHER REESE BELL** |
| 27 | May 13-14, 2021 | **ROOSEVELT LAVAR COUSAR** |

16

| 28 | May 23, 2021 | **DILLINGER MATSON BOLDEN,** a/k/a "Nuke" and **RENARDO LAKEITH REED** |
|----|---|---|
| 29 | May 26, 2021 | **ROOSEVELT LAVAR COUSAR** and **DESMOND LAQUAN MULLER** |
| 30 | June 15, 2021 | **ROOSEVELT LAVAR COUSAR** and ▮▮▮▮▮▮▮▮▮ |
| 31 | July 20-21, 2021 | **DILLINGER MATSON BOLDEN,** a/k/a "Nuke" and **ELYSIA NICOLE SCOTT** |

All in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2.

17

## COUNT 32
(Maintaining a Stash House)

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around April 2020, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the Defendant, **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** did knowingly open, lease, rent, use and maintain a place, that is, a building located at 614 Ashwood Drive, Anderson, South Carolina, for the purpose of unlawfully manufacturing, storing and distributing a controlled substance, that is, a quantity of a mixture or substance containing a detectable amount cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT 33
(Maintaining a Stash House)

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around April 2020, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the Defendant, **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** did knowingly open, lease, rent, use and maintain a place, that is, a building located at 328 Olivarri Drive, Anderson, South Carolina, for the purpose of unlawfully manufacturing, storing and distributing a controlled substance, that is, a quantity of a mixture or substance containing a detectable amount cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856(a)(1).

18

## COUNT 34
(Maintaining a Stash House)

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around April 2020, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the Defendant, **ROOSEVELT LAVAR COUSAR**, did knowingly open, lease, rent, use and maintain a place, that is, a storage unit located at 4303 Edgewater Way, Anderson, South Carolina, for the purpose of unlawfully manufacturing, storing and distributing a controlled substance, that is, a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856(a)(1).

19

## SENTENCING ENHANCEMENT PROVISIONS

THE GRAND JURY FURTHER CHARGES:

The Defendant, **DILLINGER MATSON BOLDEN, a/k/a "Nuke,"** prior to committing

the violations contained in this Indictment, had the following conviction for a serious drug felony,

pursuant to Title 21, United States Code, Section 802(57), that had become final for the purposes

of Title 21, United States Code, Section 841:

a.  **March 13, 2013**: A conviction for a serious drug felony in United States District Court for the District of South Carolina, under case number 8:11-cr-02356-JMC-12 for which the Defendant served more than 12 months in prison and for which the Defendant was released within 15 years of the commencement of the offense charged in Count 1 of this indictment.

All in violation of Title 21, United States Code, Sections 802, 841, and 851.

THE GRAND JURY FURTHER CHARGES:

The Defendant, **RENARDO LAKEITH REED**, prior to committing the violations

contained in this Indictment, had the following conviction for a serious drug felony, pursuant to

Title 21, United States Code, Section 802(57), that had become final for the purposes of Title 21,

United States Code, Section 841:

a.  **January 24, 2013**: A conviction for a serious drug felony in United States District Court for the District of South Carolina, under case number 8:12-cr-00483-TMC-1, for which the Defendant served more than 12 months in prison and for which the Defendant was released within 15 years of the commencement of the offense charged in Count 1 of this indictment

All in violation of Title 21, United States Code, Sections 802, 841, and 851.

**FORFEITURE**

FIREARM/DRUG OFFENSES:

Upon conviction for violation of Title 18 and Title 21, United States Code, as charged in this Indictment, the Defendants, **DILLINGER MATSON BOLDEN, a/k/a "Nuke," ROOSEVELT LAVAR COUSAR, TERRANCE ANTONIO MARTIN, a/k/a "Buck," KADARRIUS AHMAD BROWNLEE, a/k/a "Quan," DAIQUON JERMAINE SMITH, DESMOND LAQUAN MULLER,** DARIUS TYVONE **SADLER, CHRISTOPHER REESE BELL, RENARDO LAKEITH REED, MONTEZ OBRIEN HATTEN,** and **ELYSIA NICOLE SCOTT,** shall forfeit to the United States all of the Defendants' right, title and interest in and to any property, real and personal, constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(a) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(b) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2) involved in or used in any knowing violation of 18 U.S.C. §§ 922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence;

21

PROPERTY:

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code,

Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property subject to

forfeiture includes, but is not limited to, the following:

Cash Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result for their violation of Title 21.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act

or omission of the Defendants:

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third person;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or
(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek

forfeiture of any other property of Defendants up to an amount equivalent to the value of the above-

described forfeitable property;

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code,

Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

22

A _TRUE_ Bill

REDACTED

FOREPERSON

M. RHETT DEHART (SPE/kr)
ACTING UNITED STATES ATTORNEY